# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re: Case No. A11-00811-DMD<br><br>PAULA J. SCHMIDT, and DOUGLAS G. HOPPER,<br><br>   Debtors. | Chapter 7 |
| JULIE ECK,<br><br>   Plaintiff,<br><br> v.<br><br>PAULA J. SCHMIDT, and NORTHERN LIGHTS VETERINARY AND LASER CENTER, INC.,<br><br>   Defendants. | Adv. No. 12-90005-DMD |

## MEMORANDUM ON DEFENDANT'S MOTION TO DISMISS
## COUNTS TWO, THREE, AND FOUR

On July 26, 2012, the defendant and debtor herein, Paula Schmidt, filed a motion to dismiss the second, third and fourth counts of the plaintiff's complaint on the grounds that the plaintiff has failed to state a claim upon which relief can be granted. The plaintiff filed an opposition to the motion on August 9, 2012, and the time for Schmidt to file a reply has now expired. The matter is ripe for ruling.

Before discussing each of the counts at issue in Schmidt's motion, the court will address a preliminary procedural matter. The motion is brought under Fed. R. Civ. P. 12(b)(6), which rule is made applicable to adversary proceedings by Fed. R. Bankr.

P. 7012. The plaintiff argues that Schmidt's motion must be denied because it is untimely. Rule 12(b) provides that a "motion asserting any [12(b)] defenses must be made before pleading if a responsive pleading is allowed."[1] Schmidt's motion was brought after she filed her answer. However, under the circumstances present here, this will not preclude the relief she has requested. Failure to bring a timely motion does not waive a Rule 12(b) defense which is asserted in a responsive pleading.[2] Schmidt's answer asserts a defense under Rule 12(b)(6), failure to state a claim, as her first affirmative defense. She could still seek summary disposition of the counts at issue by moving for judgment on the pleadings under Fed. R. Civ. P. 12(c) or seeking summary judgment under Fed. R. Civ. P. 56. The purpose of these rules is to expedite the disposition of claims that cannot succeed at trial.

Although Schmidt's motion to dismiss is untimely, the court will nonetheless grant the relief requested therein. A trial court may, *sua sponte*, "note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair to the parties."[3] Here, the plaintiff was given notice of the inadequacies of her complaint by Schmidt's motion,[4] and she has had an opportunity to respond. The court finds that the second, third and fourth counts of the plaintiff's complaint are wholly inadequate.

---

[1] Fed. R. Civ. P. 12(b).

[2] *Id.*

[3] 5B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE CIV. § 1357 (3d ed. 2012), *available at* Westlaw FPP § 1357; *see also Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *Ricotta v. State of Calif.*, 4 F.Supp.2d 961, 968 n.7 (S.D. Cal. 1998), *aff'd* 173 F.3d 861 (9th Cir. 1999).

[4] *Omar*, 813 F.3d at 991.

2

The plaintiff's second claim for relief alleges that Schmidt was the sole director and officer of Northern Lights Veterinary and Laser Center, Inc., and that, upon information and belief, Schmidt breached her fiduciary duties by commingling corporate and individual assets, to the detriment of creditors and shareholders.[5] Schmidt asserts that the claim fails because it does not plead specific facts supporting defalcation. I agree.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. When a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"[6]

Although a court must accept as true all of the allegations contained in a complaint, when considering a motion to dismiss, "*[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.*"[7] The plaintiff must allege more than a "formulaic recitation of the elements of a cause of action," and the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative

---

[5] Pl.'s Compl., filed Jan. 23, 2012 (Docket No. 1), at 5.

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S.Ct. 1937, 1949 (2009) (citations omitted).

[7] *Id.* (emphasis added).

level."[8] The plaintiff's second cause of action does not satisfy this criteria. There are no factual allegations in this count which rise above speculation. The plaintiff's assertions that she has satisfied the requirements of notice pleading are unsustainable. Both the court and Schmidt are left guessing as to the basis of this count. A claim of defalcation must be supported by more than an assertion, upon information and belief, that such bad acts occurred.

In the plaintiff's third claim for relief, she objects to entry of Schmidt's discharge under 11 U.S.C. § 727(a)(1). Section 727(a)(1) provides that the court shall grant the debtor a discharge unless "the debtor is not an individual." Under § 727(a)(1), *corporate* debtors in chapter 7 do not receive a discharge of their debts. However, the instant case involves an individual debtor. The plaintiff contends § 727(a)(1) should nonetheless apply because Schmidt listed corporate debts in her bankruptcy schedules. Actually, this is neither unusual nor impermissible. An individual debtor typically lists all debts for which she might be personally liable, including those based upon a personal guarantee or some other rationale. The fact that Schmidt has done so here is not a basis for objecting to her discharge under § 727(a)(1). Further, this does not make the corporation the actual debtor, as asserted by the plaintiff.[9] The plaintiff's third claim for relief is legally deficient. It cannot stand on any basis and it will be dismissed, with prejudice.

---

[8] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

[9] A joint petition may only be filed by "an individual that may be a debtor . . . and such individual's spouse." 11 U.S.C. § 302(a). A corporation is a separate entity which must file its own bankruptcy petition.

4

The plaintiff's fourth claim for relief alleges that Schmidt, "in conjunction with Plaintiff's claim or in connection with her bankruptcy case, knowingly and fraudulently, made a false oath or account."[10] As noted above, such conclusory statements, unsupported by additional factual allegations which would raise the claim above mere speculation, are inadequate to state a claim. Further, "[i]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud."[11] This count, like the plaintiff's second claim for relief, is wholly inadequate. It will also be dismissed.

Conclusion

Schmidt's motion to dismiss is untimely. However, because of the pleading inadequacies noted above, this court will *sua sponte* dismiss the second, third and fourth causes of action stated in the plaintiff's complaint, with prejudice. The court may entertain a motion to reconsider the dismissal of the second cause of action, only, if the plaintiff submits a proposed amended complaint with such motion, and the second cause of action in such proposed amended complaint satisfies the pleading standards discussed herein.

This matter will proceed to trial as scheduled on the plaintiff's first claim for relief. An order will be entered consistent with this memorandum.

DATED: August 27, 2012.

BY THE COURT

---

[10] Pl.'s Compl. (Docket No. 1), at 35.

[11] Fed. R. Civ. P. 9(b), made applicable to adversary proceedings pursuant to Fed. R. Bankr. P. 7009.

        /s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:  D. Dalrymple, Esq.
           G. Oczkus, Esq.